UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANATOLIA DENIZCILIK SANAYI TICARET
LIMITED SIRKETI,

                               Plaintiff,        08 CV

-v-

                                              **VERIFIED COMPLAINT**

MIRA ENERGY LTD.,

                               Defendant.
------------------------------------------------------------------x

       Plaintiff, ANATOLIA DENIZCILIK SANAYI TICARET LIMITED SIRKETI (hereinafter "ANATOLIA"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendant, MIRA ENERGY LTD. (hereinafter "MIRA ENERGY") alleges upon information and belief as follows:

## JURISDICTION

       1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

       2.    At all times material hereto, Plaintiff, ANATOLIA, was and still is a foreign business entity duly organized and existing pursuant to the laws of Turkey, with a principal place of business at Mescid Mahallesi Fettahbasaran Caddesi No:39 Orhanli – Tuzla, Istanbul, Turkey.

       3.    At all times material hereto, Defendant, MIRA ENERGY, was and still is a foreign business entity duly organized and existing pursuant to the laws of the United

Kingdom, with a principal place of business at: 271 Regent Street, London, W1B2ES, United Kingdom.

## AS A FIRST CAUSE OF ACTION

4. On or about April 1, 2008, ANATOLIA, as owners of the M/T IBRAHIM G, and MIRA ENERGY, as charterers, entered into an Asbatankvoy voyage charter party agreement for the carriage of approximately six thousand (6,000) metric tons of gasoline from Reni, Ukraine to the port of either Theodosia, Ukraine, Batumi, Georgia, or Poti, Georgia, at the Defendant's option.

5. This charter party agreement is a maritime contract.

6. Pursuant to the terms and conditions agreed between the parties in the voyage charter party agreement, ANATOLIA and MIRA ENERGY agreed to, among other things, the payment of demurrage to ANATOLIA.

7. In accordance with the parties' agreement, the Plaintiff timely delivered the M/T IBRAHIM G to Defendants at the loading port Reni on April 7, 2008. Plaintiff requested and Defendant agreed to grant Plaintiff an extension to make the vessel ready and tender her notice of readiness (NOR). On April 12, 2008, the vessel was loaded and proceeded to discharge her cargo at Theodosia, Ukraine, according to the maritime contract.

8. At no time did the Defendant exercise its contractual right to cancel the agreement.

9. Despite demands by ANATOLIA to Defendant, and Defendant's promises to pay demurrage, Defendant, in breach of the terms of the April 1, 2008 voyage charter

party agreement, failed to pay demurrage. To date, the total amount due and owing to ANATOLIA by Defendant is US$66,606.89.

10. Pursuant to the terms of the maritime contract, all disputes arising there under involving amounts in excess of US$50,000.00 are to be submitted to the High Court of Justice in London with English law to apply. English law provides that the prevailing party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than GBP25,000.00 [US$49,622.47].

11. Therefore, ANATOLIA's total claim for breach of the maritime contract against Defendant is in the aggregate US$116,229.36.

## BASIS FOR ATTACHMENT

12. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

13. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the Defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant and/or Clearing House

Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of US$174,344.04[1], to

---

[1] Plaintiff respectfully advises that pursuant to Supplemental Rule E(5)(a), Plaintiff is entitled to obtain security of up to twice the amount of its claim. Here, Plaintiff has simply asked this Honorable Court to permit Plaintiff to obtain security in the amount of 150% of the Plaintiff's claim in order to adequately secure Plaintiff for its claim for, inter alia, costs, fees and interest, all of which are continuing to accrue.

secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
July 25, 2008

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              ANATOLIA DENIZCILIK SANAYI
                              TICARET LIMITED SIRKETI

By: _____
       George M. Chalos (GC-8693)
       123 South Street
       Oyster Bay, New York 11771
       Tel: (516) 714-4300
       Fax: (866) 702-4577
       Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANATOLIA DENIZCILIK SANAYI TICARET
LIMITED SIRKETI,

                                  Plaintiff,        08 CV

-v-

                                                                          **VERIFICATION OF**
                                                                            **COMPLAINT**
MIRA ENERGY LTD.

                                  Defendant.
------------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, ANATOLIA DENIZCILIK SANAYI TICARET LIMITED SIRKETI, herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
      July 25, 2008

                                CHALOS & CO, P.C.
                                Attorneys for Plaintiff
                                ANATOLIA DENIZCILIK SANAYI TICARET
                                LIMITED SIRKETI

By: _____
                                George M. Chalos (GC-8693)
                                123 South Street
                                Oyster Bay, New York 11771
                                Tel: (516) 714-4300
                                Fax: (866) 702-4577
                                Email: gmc@chaloslaw.com